IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PPL SUSQUEHANNA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0070C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR ENTRY OF
PROTECTIVE ORDER, E-MAIL PRESERVATION ORDER
AND ORDER GOVERNING ACCESS TO THE RIS-WEB

Defendant, the United States, respectfully requests that the Court enter the attached proposed orders – the protective order, the e-mail preservation order and the order regarding access to the RIS-web – in this case. Counsel for plaintiff, PPL Susquehanna, LLC, ("PPL"), has reviewed these proposed orders and does not object to their entry. Once these orders are entered by the Court, pursuant to the Court's June 25, 2004 order, the Government will make available to counsel for PPL the documents produced to date in discovery in the other spent nuclear fuel ("SNF") cases in this Court, to the extent that these materials have not already been provided.

The proposed orders are substantially similar to the orders that Judge Sypolt entered during the coordinated discovery proceedings in approximately 17 of the earliest-filed SNF cases. We believe it appropriate that these orders be entered in all of the SNF cases so that there is a single uniform protective order and e-mail preservation order applicable to and governing all of the SNF cases. The order governing access to the RIS-web database simply provides access to the RIS-web to counsel for the SNF plaintiffs, but enables the Government to conduct a privilege review for any documents that are selected for production.

In our initial discussions with the plaintiffs in the recently filed SNF cases regarding these orders, we requested a change in the language of a paragraph of the original protective order, paragraph 4, to make clear that documentation produced in this case – either by the Government or the plaintiff – could be used in any of the SNF cases. PPL agrees that this protective order should be entered, but has stated that it may seek further protections for confidential or other material in the future, pursuant to paragraph 7 of the protective order. Counsel for other plaintiffs in the recently filed SNF cases have made similar representations. If the

language of this protective order is modified in the future in other SNF cases pending before this Court, the Government may be required to return to this Court to seek modification of the protective order to preserve the uniformity of the obligations imposed upon the parties and preserve the Government's ability to use the information learned in one case in other cases pending before the Court.

The proposed protective order contains a "clawback" provision that allows a party to retrieve privilege documents that have been inadvertently produced. That provision existed in the original protective order that Judge Sypolt issued in the coordinated discovery proceedings. A few of the newer plaintiffs have requested that, in their cases, they want the "claw back" provision to require that any requests for return of documents be made within 90 days after production of the privileged documents. Although we normally might be willing to consider that request, other plaintiffs, including the plaintiff in this case, have opted to retain the original "claw back" provision language. If this Court modifies the "claw back" period in any of the other SNF cases to a 90-day period, it effectively will limit the Government's ability to "claw back" documents in every case to

that 90-day period, even though plaintiffs in SNF cases without that express 90-day limit will not be subject to a 90-day period. Accordingly, at the present time, we are willing to agree to the original "claw back" provision contained in the original protective order that Judge Sypolt originally entered in the SNF cases. However, to the extent that the Court, in any other SNF case, rules that the Government's "claw back" period will be limited to 90 days, we anticipate that we will request that the Court make a uniform modification of the "claw back" provision in all SNF cases to limit any party's ability to "claw back" documents to a 90-day period so that all parties will have equal rights and obligations.

For the foregoing reasons, we respectfully request that the Court enter the proposed protective order and e-mail preservation order, subject to the Government's right to return to the Court to seek a modification of the orders if the Court, in other cases, enters orders that create limitations upon the Government's rights that conflict with the protective order and/or e-mail preservation order in this case. In addition, the Government requests that the Court enter the order governing access to the RIS-web database.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Victoria L. Strohmeyer

VICTORIA L. STROHMEYER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 307-2503

September 8, 2004

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on this 8th day of September 2004, a copy of foregoing "DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER, E-MAIL PRESERVATION ORDER AND ORDER GOVERNING ACCESS TO THE RIS-WEB" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Victoria L. Strohmeyer