IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PPL SUSQUEHANNA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-70C<br>(Judge Baskir) |

JOINT STATUS REPORT

On April 5, 2006, the Court continued the stay in this matter "until further notice" and ordered the parties to file a joint status report every 60 days "identifying their positions regarding further activity in this case, in light of the status of activities in the other cases." Pursuant to this order, and the Court's order of June 6, 2006, granting the parties' motion for an enlargement of time of 15 days in which to file their status report, the parties report as follows:

Defendant, the United States, and plaintiff, PPL Susquehanna, LLC ("PPL"), have conflicting positions regarding further activity in this case, which are separately set forth below.

Plaintiff's Position

PPL respectfully requests that the Court schedule a status conference in this matter at a mutually-convenient time to the Court and the parties. The purpose of the status conference would be to establish a schedule for further proceedings in this case. In particular, PPL would like to establish a schedule for briefing the motion for summary judgment on liability it plans to file in this case based on the Federal Circuit's decisions in the Maine Yankee and Northern States cases. Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all utilities that had signed the contract – the entire nuclear electric industry."); see also Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000). PPL respectfully submits that those companion decisions require a finding of liability on the part of the Government for partial breach of contract in this case. Numerous other decisions of this court support such a ruling here. 1

---

[1]Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.); Florida Power & Light Co. v. United States, No. 98-483C (Baskir, J.); Commonwealth Edison Co. v. United States, No. 98-621C (Hewitt, J.); Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.); Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.); Sacramento Mun. Util. Dist. v. United States, No. 98-

PPL's case has been largely dormant since its complaint was initially filed in January 2004. However, the decision of the Federal Circuit in the Indiana Michigan case makes it clear that PPL is entitled in this action to recover past damages, and in this case those damages are substantial. See Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1374-77 (Fed. Cir. 2005) (plaintiffs may seek and recover damages as they are incurred in a partial breach of contract action). In this action, PPL seeks to recover all damages (up to a reasonable pre-trial cutoff date) attributable to the Government's failure to commence performance on January 31, 1998, as required by Article II of PPL's contract with the Government. Those damages include the costs associated with PPL's construction and operation of a dry storage facility to store PPL's spent nuclear fuel, which facility would not have been required but for the Government's partial breach. Given the sizable nature of PPL's past damages, PPL has determined that its interests are best-served by (1) lifting the stay in this

---

488C (Braden, J.); Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.); Wisconsin Elec. Power Co. v. United States, No. 00-697 (Merow, S.J.); Tennessee Valley Auth. v. United States, No. 01-249C (Lettow, J.); Entergy Nuclear Indian Point 2, LLC v. United States, No. 03-2622C (Lettow, J.); System Fuels, Inc. v. United States, No. 03-2623C (Lettow, J.); System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.); Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Lettow, J.).

case, (2) briefing and resolving the liability of the Government for partial breach of contract, and (3) proceeding with damages discovery and, ultimately, trial. PPL respectfully requests a status conference to discuss these points and to establish a schedule for further proceedings along the lines outlined above.

Defendant's Position

The United States believes that the Court's indefinite stay of proceedings should remain in place. This stay serves the interest of judicial economy, and protects the resources of the parties from unnecessary waste because there remain common issues regarding the scope of the Government's obligation to all of the utility plaintiffs, which have been advanced in other cases and have not yet been decided by the Federal Circuit. With the exception of plaintiffs that have sold their nuclear facilities and seek to recover the alleged diminution in value resulting from DOE's partial breach, all of the utility plaintiffs with cases before the Court are proceeding with legally similar claims. These claims require the resolution of certain threshold issues, such as the rate at which DOE was obligated to accept fuel from the nuclear utilities with which it held contracts beginning in 1998. The Government has presented evidence on this point

in every trial conducted since Indiana Michigan and would expect to present the same evidence at trial in this matter if trial was conducted before the Federal Circuit has issued a decision on this matter.[2]

However, there are SNF cases that are more procedurally advanced than this case in which this issue has been presented that should result in a decision from the Federal Circuit on this threshold issue. For example, the scope of the Government's obligations may be decided by the Federal Circuit when it considers our pending appeal, and we expect our appellate briefing, which is due to be filed in July, to address this issue directly. Tennessee Valley Authority v. United States, 69 Fed. Cl. 515 (2006), appeal filed, No. 2006-5073 (Fed. Cir. docketed April 19, 2006). Evidence regarding the scope of the Government's obligation was presented at trial in (1) Yankee Atomic Electric Co. v. United States, Fed. Cl. No. 98-126C, Connecticut Yankee Atomic Power Co. v. United States, Fed. Cl. No. 98-

---

2 In Indiana Michigan, the Court's determination regarding the scope of the Government's obligation was not determinative of the final result in that case. The issue of the Government's obligation was not necessary to the Court's judgment, and the United States Court of Appeals for the Federal Circuit dismissed the Government's cross-appeal on the rate issue for that reason. 112 F.Appx. 37, 2004 WL 2429837 (Fed. Cir. Oct. 13, 2004).

154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.), which were tried together; and (2) Southern Nuclear Operation Co., et. al. v. United States, Fed. Cl. No. 98-614C (Merow, S.J.), cases in which we are awaiting decisions from the Court. Any appeal from these decisions would presumably include consideration of this issue. In addition, this issue is highly relevant in Pacific Gas & Electric Co. v. United States, Fed. Cl. Nos. 04-0074 & -0075 (Hewitt, J.), the trial of which was just completed on June 15, 2006, and the judge assigned to that case has represented that she intends to issue a decision on the trial by August 2006.

Awaiting guidance from the Federal Circuit on issues common to all of the SNF cases has proven to be very productive. With the Federal Circuit's ruling in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), which limits the Court's consideration of damages to those incurred before the filing of plaintiff's complaint, the Court need no longer wrestle with the speculative nature of estimated future damages. In Indiana Michigan, the Federal Circuit held that, in a claim for partial breach, the plaintiff may "sue from time to time for the damages incurred to the date of the suit," which was defined as "the time of the institution of the

action." Id. at 1377 (quoting Restatement (Second) of Judgments § 26(e) & cmt. g); see Pacific Gas & Elec. Co. v. United States, Nos. 04-0074C & -0075C, 2006 WL 950207 (Fed. Cl. March 30, 2006) ("court interprets these directives to mean that plaintiff may seek damages only through the date of an amended complaint"). This limitation on the scope of damages claims to be considered has simplified the cases that are now proceeding to trial. Similarly, if the Court were to await a Federal Circuit decision regarding the scope of the DOE's obligations regarding the rate of acceptance, that ruling could simply be applied in this case to determine the scope of the damages owed to PPL. There should also be other Federal Circuit precedents to apply regarding the types of damages that the utility plaintiffs may obtain in pursuit of their partial breach claims.

Finally, with regard to the appeal of PSEG Nuclear L.L.C, v. United States, 64 Fed. Cl. 37 (2005), appeal docketed, No. 05-5162 (Fed. Cir.), plaintiff has appealed the Court's order dismissing its complaint for lack of jurisdiction. In deciding this appeal, in which oral argument was conducted on May 1, 2006, the Federal Circuit may provide guidance regarding the scope of the jurisdiction of this Court as well as the jurisdiction of the United States Court of Appeals for the District of Columbia Circuit to

consider claims by utilities under the Standard Contract. Continuing the stay of the case for at least another six months should provide time for the Federal Circuit's resolution of this threshold issue.

If the Court determines that the current stay of proceedings should be lifted in order to allow briefing on PPL's proposed motion for summary judgment on liability, defendant respectfully requests that no further schedule be established until after that motion is resolved. After PPL's motion has been decided, should the Court choose to schedule further proceedings, defendant respectfully requests that the Court order that PPL provide its damages submission, with expert reports, to the Government prior to the establishment of any schedule for further proceedings in this case. In the cases that have proceeded to trial, the Government has learned that it can most efficiently proceed with discovery and trial preparation when it has a full explanation of plaintiff's claims and theories of causation, usually set out in the reports of plaintiff's experts, at the outset. With these explanations, the Government conducts an audit and propounds properly tailored discovery requests. However, the Government cannot provide a meaningful estimate of the time it will require to audit PPL's claims until it has an opportunity to review the damages claims and

the supporting material to determine how much more work will be needed to determine if the claimed damages are adequately documented. Moreover, the Government cannot accurately estimate the amount of time we believe we will need to conduct the necessary discovery and provide responsive expert reports until it reviews these materials. Thus, starting with plaintiffs claim and reports is the most efficient way to proceed.

To date, the Government has only received from PPL its initial disclosures, in which it states that "PPL has not yet performed computations of the full range of damages that it expects ultimately to seek in this action." It further states that "PPL's investigations are not complete, and PPL expressly reserves the right to claim other categories of damages not specified in this disclosure, and to include additional amounts and categories of damages." Thus, PPL has only approximated that

> using reasonable assumptions regarding required and expected actual DOE performance, and reasonable approximations regarding per-cask costs, the portion of PPL's damages attributable to just these factors exceeds $60 million. Should PPL's computations and assessments demonstrate that dry storage at Susquehanna could have been avoided all together, additional damages in excess of $25 million would also be claimed. Moreover, there are almost certainly a host of additional direct impacts from DOE's breach, which have not yet

been fully identified, quantified, or computed.

PPL has not given any precise numbers, shown any calculations, or even specified any assumptions upon which its approximation is based.

In the Government's experience, even receipt of a detailed damages schedule, including an identification of categories of costs, the quantification of such damages and the appropriate supporting documentation, and the identification of persons who can provide information and explanation of these claims, results in enormous inefficiencies in the conduct of discovery. Notably, in Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.), and Pacific Gas & Electric Co. v. United States, No. 04-0074 & 0075 (Hewitt, J.), bifurcation of the submission of the damages claim from the expert reports led to the duplication of discovery efforts by the Government because the damages claims had changed substantially, in both structure and amount, between the time of the submission of the claim and the submission of the expert reports. When presented with these changes, the Government's auditors had to reanalyze and reconduct portions of their original audit and examine new cost categories that had been added by the plaintiffs' experts. In addition, Government counsel have been required to reopen depositions

of plaintiffs' personnel to examine the basis for the plaintiffs' expert's calculations and determinations. In Southern Nuclear, the changes in plaintiffs' damages claim were so significant that the Government was granted an enlargement of three months to complete its expert reports and the trial date was moved approximately two months. In Pacific Gas and Electric, the changes to the claim were made after the close of fact discovery, and Government counsel had to reopen several depositions. To avoid this unnecessary duplication, the Government asks that it be provided with the damages claim and the expert reports at the same time and before a schedule for further proceedings is established.

The Government recognizes that the Court has declined to grant fully the Government's same request made in Southern California Edison Co. v. United States of America, No. 04–0109C, with regard to deferring the scheduling of further proceedings until the Government has had an opportunity to review plaintiff's claim. However, the Government notes that the Court has required the plaintiff in that case to provide a damages claim at the outset, has scheduled an appropriate discovery period, and has declined to enter a schedule for trial until the close of discovery. If the Court should also choose to schedule discovery in this case, the

Government asks that the Court likewise require the expert reports upfront, establish a similarly appropriate period for discovery, and not enter a schedule for trial until the close of discovery.

Respectfully submitted,

s/Alex D. Tomaszczuk
Alex D. Tomaszczuk
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
PPL Susquehanna, LLC

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
PILLSBURY WINTHROP
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

Of Counsel:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/Sonia M. Orfield
SONIA M. ORFIELD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington D.C. 20530
(202) 353-0534
(202) 307-2503

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that, on this 20th day of June 2006, a copy of the foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sonia M. Orfield