IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PPL SUSQUEHANNA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-70C<br>(Judge Baskir) |

THE PARTIES' JOINT RESPONSE TO THE COURT'S ORDER
DATED OCTOBER 2, 2006

Defendant requests that the Court modify paragraph 2 of its provisional protective order to provide that documents designated for protection shall be stamped either with the specific language identified in paragraph 2 or with substantially similar language. During the coordinated discovery proceedings in which many of the spent nuclear fuel cases were involved, as well as during discovery in many of the spent nuclear fuel cases that has occurred since the coordinated discovery proceedings concluded, the Government has stamped protected documents with language that is similar to, but not precisely the same, as that identified in paragraph 2 of the Court's provisional protective order in this case, using language such as "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER." Because these documents have been made available across the spent nuclear fuel cases, and because they are currently available to spent nuclear fuel plaintiffs on the document

production website that we have made available to them, it would constitute an undue burden to require us to revisit all of our prior document productions and add a new modified protective order legend to them. To allow the parties to rely upon the protective order legends that have already been embossed upon past document productions, and to preclude them from having to utilize different protective order legends in different spent nuclear fuel cases, defendant respectfully requests that the Court modify paragraph 2 to provide that a party may utilize protective order legend language that is similar to, even if not precisely the same as, the language that the Court has identified in paragraph 2.

In addition, the parties have identified a discrepancy between the designated protective order legend language in paragraphs 2 and 6(b). Consistent with the prior request, the parties ask that the Court, in both paragraphs 2 and 6(b), permit the parties to stamp either the language identified in paragraphs 2 or 6(b) or similar language such as that identified above.

With regard to paragraph 3, defendant requests that the Court add the Department of Energy's Office of General Counsel ("DOE-OGC") and its personnel to the list of individuals who are admitted to the protective order. Although that office may fall within the order's grant of access to "legal counsel who are directly involved in this litigation," defendant prefers to make explicit DOE-OGC's right to access to protected material. That office is directly involved in assisting the Department of Justice in this litigation, and it would be a complete change in practice in the spent nuclear fuel cases to require attorneys and secretarial staff from DOE-OGC to complete protected material access declarations and have to provide them to opposing counsel.

Similarly, defendant requests that the Court add, in paragraph 3, personnel from the Office of Civilian Radioactive Waste Management at the Department of Energy ("DOE-OCRWM") to the list of persons admitted to the protective order. To date, the nuclear utility plaintiffs have sought to protect information not from the Government, but from the general public and, in some instances, from other nuclear utility personnel. However, the plaintiffs' concerns regarding access have not involved DOE-OCRWM personnel. Because DOE-OCRWM personnel may assist the Department of Justice in reviewing plaintiffs' damages submissions and providing technical assistance both in litigation and in settlement meetings, it would be useful to allow DOE-OCRWM personnel access to protected material, without the need for obtaining specific declarations from each DOE-OCRWM employee and having to provide them to opposing counsel. That being said, defendant typically limits the disclosure of protected material to DOE-OCRWM except where necessary. Nevertheless, it would pose an administrative burden to attempt to remember, as this case progresses, that defendant needs to provide declarations from DOE-OCWRM personnel each time that counsel for the Government, in only this case (and in Southern California Edison Co. v. United States, No. 04-0109C (Fed. Cl.), in which the Court has issued a similar protective order), utilizes the assistance of DOE-OCRWM personnel in analyzing the plaintiff's

claims here. For this reason, defendant respectfully requests that the Court add DOE-OCRWM personnel to the list of individuals admitted to the protective order.

Respectfully submitted,

s/Alex D. Tomaszczuk
Alex D. Tomaszczuk
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
PPL Susquehanna, LLC

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
PILLSBURY WINTHROP
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sonia M. Orfield
SONIA M. ORFIELD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington D.C. 20530
(202) 353-0534
(202) 307-2503

Attorneys for Defendant

Of Counsel:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

October 12, 2006

CERTIFICATE OF FILING

I hereby certify that, on this 12th day of October 2006, a copy of the foregoing "The Parties' Joint Response to the Court's Order Dated October 2, 2006" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sonia M. Orfield