**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on October 31, 2006)

| | | |
|---|---|---|
| **PPL SUSQUEHANNA, LLC**, Plaintiff, | ) | |
| v. | ) | No. 04-70C (Judge Baskir) |
| **THE UNITED STATES,** Defendant. | ) | |

**PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Pursuant to RCFC 56(h)(1), Plaintiff PPL Susquehanna, LLC ("PPL"), through the undersigned counsel, submits these proposed findings of uncontroverted fact in support of its motion for summary judgment on liability:

1. On or about June 9, 1983, PPL (then known as Pennsylvania Power & Light Company, acting on behalf of itself and Allegheny Electric Cooperative, Inc.) executed the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 (the "Standard Contract"), with the Department of Energy ("DOE"). Complaint ¶ 1.

2. In exchange for the payment of fees into the Nuclear Waste Fund, DOE promised to begin removal of spent nuclear fuel ("SNF") from the Susquehanna Steam Electric Station, Units 1 and 2 ("Susquehanna") and other utility sites no later than January 31, 1998. Standard Contract, 10 C.F.R. § 961.11, Art. II; Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1338 (Fed. Cir. 2000). Generally, DOE was "under a statutory 'obligation . . . reciprocal to the utilities' obligation to pay, to start disposing of the SNF no later than January 31, 1998.'" Northern States Power Co. v. United States, 224 F.3d 1361, 1366 (Fed. Cir. 2000) (quoting Indiana Mich. Power Co. v. Dep't of Energy, 88 F.3d 1272, 1277 (D.C. Cir. 1996) ("Indiana Michigan")).

3. "[T]he [Nuclear Waste Policy Act] directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility." Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997).

4. "DOE's duty to take the materials by the 1998 deadline is also an integral part of the Standard Contract, which provides that the Department 'shall begin' disposing of the SNF by January 31, 1998." Id. at 758 (citing and quoting the Standard Contract, 10 C.F.R. § 961.11, Art. II).

5. The duty to begin taking SNF by January 31, 1998 was "without qualification or condition." Indiana Michigan, 88 F.3d at 1276.

6. On May 3, 1995, DOE formally admitted that it would be unable to begin to dispose of SNF until 2010. Final Interpretation of Nuclear Waste Acceptance Issues, 60 Fed. Reg. 21,793, 21,794 (May 3, 1995).

7. DOE's failure to begin accepting, transporting, and disposing of SNF from Susquehanna constitutes a breach of contract. See Maine Yankee, 225 F.3d at 1343.

8. "The breach involved all the utilities that had signed the contract – the entire nuclear electric industry." Id. at 1342.

Dated: October 31, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by
s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
PPL Susquehanna, LLC

Of Counsel:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

Bryan A. Snapp
**PPL Corporation**
Two North Ninth Street
Allentown, Pennsylvania 18101-1179
(610) 774-4397
(610) 774-6726 (fax)