**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on October 31, 2006)

| | | |
|---|---|---|
| **PPL SUSQUEHANNA, LLC**, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-70C |
| | ) | (Judge Baskir) |
| **THE UNITED STATES,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Plaintiff PPL Susquehanna, LLC ("PPL"), through the undersigned counsel, respectfully files this memorandum in support of its motion for summary judgment against Defendant (the "Government") on the issue of the Government's liability for partial breach of contract.

## I. STANDARD OF REVIEW

Generally, summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. RCFC 56(c); Rockwell Int'l Corp. v. United States, 147 F.3d 1358, 1361 (Fed. Cir. 1998).

## II. THE GOVERNMENT BREACHED PPL'S STANDARD CONTRACT

There is no genuine issue of material fact that the Government breached PPL's Standard Contract and should be held liable for the resulting damages. Generally, "[f]ailure to perform a contractual duty when it is due is a breach of the contract." Winstar Corp. v. United States, 64 F.3d 1531, 1545 (Fed. Cir. 1995) (en banc), *aff'd*, 518 U.S. 839 (1996); see also Indiana Mich. Power Co. v. United States, 57 Fed. Cl. 88, 97 (2003). The Government breached PPL's Standard Contract when the Department of Energy ("DOE") failed to begin disposal of the spent nuclear fuel ("SNF") at Standard Contract holders' nuclear utility sites on January 31, 1998 as required by Article II of the Standard Contract. The Government has conceded that DOE did not commence performance on that date, and initially stated in 1995 that DOE would not be able to begin to dispose of SNF stored by nuclear utilities, including Pennsylvania Power & Light Company (and now PPL), until at least 2010. Final Interpretation of Nuclear Waste Acceptance Issues, 60 Fed. Reg. 21,793, 21,794 (May 3,

1995); PFF ¶ 6;[1] see also Roedler v. Dep't of Energy, 255 F.3d 1347, 1350 (Fed. Cir. 2002).[2]

By way of background, PPL[3] and DOE have entered into the Standard Contract, which is a valid and binding contract. See Complaint ¶¶ 9-15; PFF ¶¶ 1-3. Under the Nuclear Waste Policy Act (the "NWPA") and Article II of the Standard Contract, the Government had a clear duty to begin accepting SNF by January 31, 1998. 42 U.S.C. § 10222(a)(5); Standard Contract, Art. II; Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997) ("[T]he NWPA directs DOE to undertake

---

[1] "PFF" refers to PPL's Proposed Findings of Uncontroverted Fact in Support of Its Motion for Summary Judgment on Liability, filed contemporaneously with this brief.

[2] DOE recently announced that the "best-achievable" date to begin receipt of SNF is now March 31, 2017. Even this date, signifying a breach of at least nineteen years, is one that DOE characterizes as "aggressive" and assumes among other highly optimistic assumptions "the absence of litigation related delays." Statement of Edward F. Sproat III, Director, Office of Civilian Radioactive Waste Management, U.S. Department of Energy, before the Subcommittee on Energy and Air Quality, Committee on Energy and Commerce, U.S. House of Representatives, July 19, 2006, available at http://energycommerce.house.gov/108/Hearings/07192006hearing1986/Sproat.pdf.

[3] Pennsylvania Power & Light Company and DOE originally executed the contract at issue in this case. At that time, Pennsylvania Power & Light Company was the operator and majority owner of Susquehanna Steam Electric Station, but operational responsibility and majority ownership of the plant was eventually transferred to PPL. Just as importantly, in July 2000, the Standard Contract for Susquehanna was validly assigned to PPL. Complaint ¶ 5.

the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility."); Indiana Mich. Power Co. v. United States, 88 F.3d 1272, 1276 (D.C. Cir. 1996) (holding that the DOE's obligation to begin to dispose of SNF not later than January 31, 1998 is "without qualification or condition"); PFF ¶¶ 4-5.

Furthermore, the Federal Circuit has already determined that the Government breached every Standard Contract, when DOE failed to begin accepting SNF on January 31, 1998. Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all utilities that had signed the contract – the entire nuclear electric industry."); PFF ¶¶ 7-8; see also Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000). In point of fact, PPL has incurred and continues to incur costs to mitigate the effects of DOE's continuing nonperformance. Declaration of Andrew Dyszel (Oct. 26, 2006) (attached hereto at Exhibit A). Therefore, PPL has sufficiently established both the elements of breach and injury that the Government has argued in other spent nuclear fuel cases are a predicate for a ruling on liability. See Entergy Nuclear Indian Point 2, LLC v. United States, 64 Fed. Cl. 515, 523 (2005) (quoting Puritan Assocs. v. United States, 215 Ct. Cl. 976, 978 (1977)) (granting motion for summary judgment on liability based on, *inter*

*alia*, declaration describing damages). Indeed, to the best of Plaintiff's knowledge, in all but one of the cases in which this Court has addressed this very issue, the Government has been found liable for breach of the Standard Contract.[4] A similar result should issue here.

---

[4] Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.); Florida Power & Light Co. v. United States, No. 98-483C (Baskir, J.); Commonwealth Edison Co. v. United States, No. 98-621C (Hewitt, J.); Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.); Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.); Sacramento Mun. Util. Dist. v. United States, No. 98-488C (Braden, J.); Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.); Wisconsin Elec. Power Co. v. United States, No. 00-697 (Merow, S.J.); Tennessee Valley Auth. v. United States, No. 01-249C (Lettow, J.); Entergy Nuclear Indian Point 2, LLC v. United States, No. 03-2622C (Lettow, J.); System Fuels, Inc. v. United States, No. 03-2623C (Lettow, J.); System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.); Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Lettow, J.). But see Power Auth. of New York v. United States, No. 00-703C (Damich, C.J.) (denying the parties' cross-motions for summary judgment on liability and other issues that required a "fact-laden inquiry" that did not "lend itself to resolution on summary judgment").

## CONCLUSION

For the foregoing reasons, PPL respectfully requests that the Court enter summary judgment against the Government on the issue of the Government's liability for partial breach of contract.

Dated: October 31, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk
by s/ Jack Y. Chu

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
PPL Susquehanna, LLC

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

Bryan A. Snapp
**PPL Corporation**
Two North Ninth Street
Allentown, Pennsylvania 18101-1179
(610) 774-4397
(610) 774-6726 (fax)